**John G. ROCOVICH, Jr., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

No. 139–88T.

United States Claims Court.

Oct. 16, 1989.

Joseph L. Anthony, Roanoke, Va., for plaintiff.

Steven I. Frahm, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## OPINION

NETTESHEIM, Judge.

Defendant moved pursuant to RUSCC 12(b)(1) over plaintiff's opposition to dismiss the complaint for lack of subject matter jurisdiction. The case was transferred to this judge on June 2, 1989. During argument plaintiff made new contentions and relied on a previously uncited regulation. Accordingly, supplemental briefing has been received, but further argument is deemed unnecessary.

## FACTS

Co–Executor of the estate of Carolyn B. Nettleton, John G. Rocovich ("plaintiff"), is claiming a refund under 28 U.S.C. § 1491(a)(1) (1982), and 26 U.S.C. ("I.R.C.") § 7422(a) (1982).

The following facts are undisputed unless otherwise indicated. On March 16, 1984, plaintiff filed a United States Estate Tax Return (Form 706) with the Internal Revenue Service (the "IRS") on behalf of the estate of Carolyn B. Nettleton, reporting a federal estate tax liability of $81,-338.00. On September 19, 1983, the estate had prepaid $39,000.00 of this liability. On plaintiff's return he elected to pay the remaining $42,388.00 balance in ten annual installments pursuant to I.R.C. § 6166, commencing on March 19, 1989. Plaintiff's return also contained an alternative protective request under section 6161 in the event that the estate did not qualify for the section 6166 deferral. The IRS assessed the reported tax liability of $81,388.00 on April

30, 1984, crediting the estate with the $39,-000.00 payment.

One of plaintiff's new arguments addressed in supplemental briefing was whether defendant could establish that the assessment was made. Plaintiff, by the estate's accountant Roger Anglin, had denied that the event had taken place, since Mr. Anglin had received no notice as required by I.R.C. § 6303(a). Defendant relied on a Certificate of Assessments and Payments dated August 31, 1989, and an affidavit to establish that an assessment had been made against the estate. Affiant Catherine L. Durfor, a tax examiner with the Technical Section, IRS Philadelphia Service Center, explained: "When a tax return is filed, an assessment is made at the Service Center by a clerk who makes a computer entry in the amount of the tax reported on the return. No separate paper document exists to either authorize or record the fact of the assessment...." Affidavit of Catherine L. Durfor, Sept. 13, 1989, ¶ 3.

Section 6166 provides that if the value of an interest in a closely held business exceeds 35 percent of the adjusted gross estate, the executor may elect to pay part or all of the tax in as many as ten equal installments. Alternatively, section 6161 provides that the Secretary may extend the time for payment of the amount of the tax shown on the return or declaration for a reasonable period of time not to exceed six months from the date fixed for payment thereof.

Prior to March 1987, plaintiff had not received any communication from the IRS that disagreed with the estate's election under I.R.C. § 6166; nor did the IRS respond to plaintiff's protective election under section 6161. In August 1984, August 1985, and October 1986, plaintiff received notices from the IRS that interest payments were due in accordance with his election under I.R.C. § 6166. Plaintiff timely made these interest payments.

On March 13, 1987, the IRS audited the estate's return. The audit resulted in issuance of a notice of deficiency. The IRS determined that the estate owed additional taxes in the amount of $127,324.45. The notice of deficiency also specified that the estate was not entitled under I.R.C. § 6166 to defer the $42,388.00 payment. However, the IRS did not include tax attributable to the section 6166 denial in the $127,-324.45 assessment. The IRS did not assess the differential interest in the notice of deficiency or the notice of demand for payment. It was not until August 8, 1988, that the IRS assessed the differential interest.

Plaintiff waived his right not to pay the audit adjustments and to file a petition in the United States Tax Court. On June 4, 1987, plaintiff filed a Notice of Deficiency—Waiver (Form 4089) consenting to the immediate assessment of the deficiency. Plaintiff paid $127,324.45. On July 15, 1987, the IRS assessed the estate for $127,-324.45 in taxes, plus $62,124.48 in interest.

On July 27, 1987, plaintiff filed a claim for refund (Form 843) with the IRS seeking the return of the $127,324.45 payment. The claim for refund also challenged the IRS's determination that the estate was ineligible under section 6166, asserting that the decedent had sufficient interest in the trade or business to qualify. When the IRS failed to act within six months of the filing of plaintiff's claim, he initiated the instant suit. Plaintiff's complaint in the Claims Court incorporates the contentions made in his amended claim for refund before the IRS.

Before filing suit plaintiff had not paid the $42,388.00 portion of the estate tax assessment that the IRS has determined is ineligible for deferral under section 6166. However, defendant revealed in its supplemental brief of September 18, 1989, that the IRS discovered a payment of $133,-125.83 made on June 3, 1989, which defendant advised fully satisfies plaintiff's liability for all taxes and interest, including the taxes he sought to defer under I.R.C. § 6166. To the contrary, plaintiff's penultimate brief gave notice that yet another deficiency had been assessed on September 11, 1989.

In the 1988 round of briefing, plaintiff represented that the estate distributed in excess of $300,000.00 in assets and income

between the filing of the return and the date of the notice of deficiency. Plaintiff claimed that the estate was without the liquid assets to fund the payment of the $42,388.00 deferred tax. He maintained that the estate's sole remaining assets were non-liquid, consisting primarily of its interest in the assets that gave rise to the section 6166 deferral. Plaintiff even averred that while the estate might be able to borrow against its assets to pay the deferred portion of taxes, the estate's assets produced insufficient revenue to service the debt such borrowing would create. Affidavit of John G. Rocovich, Sept. 6, 1988, ¶ 9. Apparently, the estate was able to pay the deficiency.

### DISCUSSION

 The standard for ruling on a motion to dismiss for want of jurisdiction is the same as applies to a motion for failure to state a claim upon which relief can be granted. Any unchallenged allegations of the complaint have been construed favorably to plaintiff. *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989). However, a court may inquire through affidavits or otherwise into facts as they exist when a question of the court's jurisdiction is raised. *Land v. Dollar*, 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 1011 & n. 4, 91 L.Ed. 1209 (1947). Although the resolution of disputed facts does not convert a motion to dismiss on jurisdictional grounds into a motion for summary judgment, since no judgment can issue on the merits, *see Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879, 883–84 (Fed.Cir.1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986), Rule 56 provides the method for gauging whether a factual dispute is genuine, and Rule 43(c), authorizing an evidentiary hearing on a motion to resolve fact issues, provides the means for resolving such a dispute.

The legal issues presented by defendant's motion are 1) whether the full payment rule requires payment of all taxes that the IRS has determined are due or merely the taxes that a taxpayer concedes are due; 2) whether I.R.C. § 6166 is an

exception to the full payment rule; and 3) whether the IRS should be equitably estopped from disallowing plaintiff's election to defer taxes under section 6166, because of its failure to act to deny the deferral election at an earlier date.

I.R.C. § 6166 provides that, if the value of an interest in a closely held business exceeds 35 percent of the adjusted gross estate, the executor may pay a portion of the estate tax in as many as ten installments. An "interest in a closely held business" includes an interest in a corporation or partnership only if the entity is carrying on a trade or business, the estate includes at least a 20 percent interest in the entity, and the entity has 15 or fewer shareholders or partners. 26 U.S.C. §§ 6166(a)(1), (b)(1)(B).

 1. The court's initial inquiry is whether it has been granted the jurisdiction to consider the case and has the power to render an authoritative judgment. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988). If Congress has circumscribed the court's power to render a decision, particularly where the decisionmaking authority has been reserved exclusively for the action of another body, the court must dismiss the action for want of subject matter jurisdiction. *Amerikohl Mining, Inc. v. United States*, 16 Cl.Ct. 623, 624 (1989), *appeal docketed*, No. 89–1522 (Fed.Cir. June 13, 1989).

28 U.S.C. § 1346(a)(1) (1982), provides that federal district courts have jurisdiction, concurrent with the United States Claims Court of

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or *any sum* alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; ...

(Emphasis added.)

In *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 149, 80 S.Ct.

630, 632, 4 L.Ed.2d 623 (1960), the taxpayer argued that the phrase "any sum" is a catchall conferring jurisdiction to adjudicate suits for refund of part of a tax. The Supreme Court, however, rejected this interpretation and held that the function of the phrase is to permit suit for recovery of items which might not be designated as either taxes or penalties by Congress or the courts. *Flora* thus established the principle that full payment of an IRS assessment is a jurisdictional prerequisite to suit. 362 U.S. at 177, 80 S.Ct. at 647. The decision in *Flora* was held to be binding by the United States Court of Claims with respect to its Tucker Act jurisdiction. *Tonasket v. United States*, 590 F.2d 343, 218 Ct.Cl. 709, 712 (1978).

Plaintiff argues that defendant cannot establish that the IRS made the assessment in 1984, such that prior to suit plaintiff had not failed to pay the full amount of the assessment; · moreover, plaintiff cites the IRS' failure to give notice of the assessment pursuant to I.R.C. § 6303 to indicate that the assessment was not made and to negate the validity of the assessment if it had been made.

■ The parties have filed supplemental briefs and affidavits on these points. A taxpayer must establish jurisdiction in the Claims Court. *Haber v. United States*, 17 Cl.Ct. 496, 498–99 (1989) (citing cases), *appeal docketed*, No. 89–1676 (Fed.Cir. Aug. 25, 1989). The court finds that plaintiff has failed to establish as a fact that the assessment was not made. This is a consequence of plaintiff's not having challenged by affidavit defendant's proof of assessment. *Levi Strauss & Co. v. Genesco, Inc.*, 742 F.2d 1401, 1404 (Fed.Cir.1984); RUSCC 56(f). As a corollary, defendant has put into the record evidence sufficient to support a finding that the assessment was made. Defendant, however, does not counter plaintiff's sworn assertion that the estate's accountant did not receive the statutorily required notice. Nor does defendant offer evidence to support a finding that the notice was sent. This fact is resolved adversely to defendant. Nonetheless, the assessment is not invalidated

for purposes of *Flora* in the absence of any action of the IRS to enforce a lien. *See Macatee, Inc. v. United States*, 214 F.2d 717, 719 (5th Cir.1954) (purpose of demand for payment as condition precedent to enforcement of lien by IRS is to protect taxpayer).

Defendant cites *Manning v. United States*, 53 A.F.T.R.2d 84–1584, 84–1585 (S.D.N.Y.1983), arguing that the "pay first and litigate later" principle requires a taxpayer to pay all taxes the IRS has determined are due, not merely the taxes conceded. Defendant further contends that a plaintiff in a tax suit is invariably disputing a determination by the IRS that increases the taxpayer's liability. According to defendant, the full payment rule would be meaningless if a taxpayer were allowed to assert that full payment has been made and jurisdiction established based upon his contention that the IRS' determination is erroneous. Defendant also asserts that whether the IRS properly denied the estate the benefits of I.R.C. § 6166 is a substantive issue. Plaintiff had the opportunity to challenge the applicability of section 6166 in the Tax Court without first paying the tax. That plaintiff allowed this opportunity to expire cannot be grounds for allowing him to maintain this action.

■ Plaintiff counters that the IRS' determination that the estate does not qualify under I.R.C. § 6166 is irrelevant. Citing *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800, 803 n. 2 (5th Cir. 1974), plaintiff claims that the IRS does not have the power to vest or divest jurisdiction in the Claims Court by its agreement or disagreement with a taxpayer's election. Plaintiff is correct in his assertion; however, the fact that the IRS acts inconsistently by allowing itself to be sued in some instances without full payment does not vest jurisdiction in the Claims Court.

Plaintiff contends that the full payment rule should not apply to cases involving I.R.C. § 6166 deferrals. According to plaintiff, Congress designed section 6166 to create a safety valve to protect a decedent's closely held business interests from destruction by federal estate tax provi-

sions. Plaintiff further asserts that even the *Flora* Court recognized that the full payment rule operates at cross-purposes with certain suits. Plaintiff maintains that to require the estate to prepay the taxes would lead to a harsh result. Relying on *Flora,* 362 U.S. at 176, 80 S.Ct. at 646, plaintiff argues that to require a lump-sum prepayment of all installments negates the intention of section 6166 and inhibits, rather than promotes, the smooth functioning of the federal tax system.

■ Regardless of the position taken by the IRS in its Gen.Couns.Mem. 35,696 (Feb. 27, 1974), to the effect that *Flora* is no bar to suit after a valid election, the Claims Court is required to comply with the interpretation given to "full payment" in accordance with *Flora.* Precedent supports the proposition that full payment refers to the amount the IRS has determined is due, not merely what plaintiff concedes is due. *Green v. United States,* 618 F.2d 122, 220 Ct.Cl. 712, 713 (1979) (plaintiff must pay full amount of the income tax liability assessed by IRS); *DiNatale v. United States,* 12 Cl.Ct. 72, 74 (1987) (plaintiff must pay full amount claimed due by IRS); *Manning,* 53 A.F.T.R. at 84–1585 (payment of tax amount taxpayer concedes is due but not amount IRS claims is due does not satisfy full payment requirement). In the present case, the full amount assessed by the IRS totalled $205,712.45, before plaintiff filed suit. Plaintiff, however, had paid only $166,324.45 of this amount. Plaintiff must have paid the remaining $42,388.00 deficiency before jurisdiction can vest. To allow plaintiff to satisfy the full payment requirement by paying what he claims is due would produce an insupportable result. Furthermore, plaintiff confuses the jurisdictional and substantive issues. To challenge the IRS' determination as to whether plaintiff qualifies for the deferral under section 6166 is a substantive issue which is independent of whether or not full payment has been made.

■ 2. The next issue is whether I.R.C. § 6166 warrants an exception to the full payment rule. Defendant has determined not to raise a *Flora* defense if an estate is eligible to make the election under section 6166. Gen.Couns.Mem. 35,696. The Court of Claims rejected this position in *Rodewald v. United States,* 231 Ct.Cl. 962, 963 (1982) (court lacked subject matter jurisdiction until all installments were paid). Furthermore, this position was severely criticized in *Manning,* 53 A.F.T.R.2d at 84–1585. The court noted that jurisdiction either does or does not exist. *See also Diamond v. United States,* 228 Ct.Cl. 493, 498, 657 F.2d 1194, 1197 (1981) (court cannot have jurisdiction conferred on it), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 69 (1982). The Tax Court was disturbed with the concept of the Government at its own whim or even as a matter of stated internal policy can vest or divest the court of subject matter jurisdiction. *Manning,* 53 A.F.T.R. at 84–1586. *Flora* further suggests the Supreme Court's reluctance to recognize a I.R.C. § 6166 election as an exception to the full payment rule. 362 U.S. at 168 n. 34, 80 S.Ct. at 642 n. 34. In *Flora* the taxpayer cited two cases in which the Government failed to raise the jurisdictional issue. In those cases the total tax for the year had not been paid, but the full amount due at the time of suit had been paid. In response to the unique factual situation, the *Flora* Court stated:

> While we do not suggest that the statute will support this type of distinction, adoption of it by the Government or by the bar would not in any way impair the substantial consistency of the view that full payment has for many decades been a prerequisite to suit in District Court. An error as to the applicability of a principle to a unique factual situation does not mean that the principle itself has been rejected.

*Id.* In light of the recent decision in *Christianson,* 108 S.Ct. at 2178–79, a litigant cannot manipulate a court's jurisdiction by failing to assert what would be a jurisdictional bar, since a court would be required to raise a jurisdictional impediment when the court became cognizant of it. *See Johns–Manville v. United States,* 855 F.2d 1556, 1565 (Fed.Cir.1988), *cert. denied,* ——

U.S. ——, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989).

Even if plaintiff is correct in that the IRS' determination is irrelevant, precedent still does not support the position that I.R.C. § 6166 is an exception to the full payment rule. Plaintiff must have paid the remaining $42,388.00 deficiency before the Claims Court can exercise jurisdiction over his claim. Plaintiff's argument as to the harshness of this result is unfounded. As the *Flora* Court pointed out:

> A word should also be said about the argument that requiring taxpayers to pay the full assessment before bringing suits will subject some of them to great hardship. This contention seems to ignore entirely the right of the taxpayer to appeal the deficiency to the Tax Court without paying a cent. If he permits his time for filing such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations....

362 U.S. at 175, 80 S.Ct. at 645 (footnote omitted). Furthermore, plaintiff's argument that even *Flora* recognized that the full payment rule operates at cross-purposes with certain suits is unfounded. Plaintiff, in support of this position, directs the court's attention to suits involving excise taxes. The Tax Court, however, has no jurisdiction over excise taxes. That the Supreme Court recognized that requiring full payment would result in great hardship to the taxpayer in an excise tax situation does not make it applicable to the present circumstance. *See id.* at 175 n. 38, 80 S.Ct. at 646 n. 38. In addition, excise tax assessments are divisible, so that a tax can be placed on each transaction or event and the full payment rule would require no more than payment of a small amount.

■ 3. Plaintiff contends that the IRS should be equitably estopped from disallowing plaintiff's election to defer taxes under I.R.C. § 6166. In *Heckler v. Community Health Services*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984), the Supreme Court examined whether estoppel could be raised against the United States. The Court stated:

> When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant.... But however heavy the burden might be when an estoppel is asserted against the Government, the private party surely cannot prevail without at least demonstrating that the traditional elements of an estoppel are present....

467 U.S. at 60–61, 104 S.Ct. at 2224 (footnotes omitted). In order to prevail on an estoppel theory in a tax case, at the very least, plaintiff must prove the following elements:

(1) a misrepresentation by an agent of the United States acting within the apparent scope of his duties;

(2) the absence of contrary knowledge by the taxpayer in circumstances where he may reasonably act in reliance;

(3) actual reliance;

(4) detriment; and

(5) a factual context in which the absence of equitable relief would be unconscionable.

*Henry v. United States*, 14 Cl.Ct. 795, 799 (1988), *aff'd*, 870 F.2d 634 (Fed.Cir.1989).

■ Plaintiff argues that estoppel is properly invoked in a suit involving taxation in instances when it would be unconscionable to allow the Government to reverse an earlier position. Plaintiff claims that the IRS acquiesced in the taxpayer's I.R.C. § 6166 election for three years. According to plaintiff, he detrimentally relied on the IRS's conduct and does not now have liquid assets to use for a lump-sum payment of the deferred taxes. Plaintiff contends that it would be unconscionable now to allow the IRS to disavow its earlier acquiescence in plaintiff's election.

Defendant counters that the IRS should not be equitably estopped from disallowing

plaintiff's election to defer taxes under I.R.C. § 6166. Relying on I.R.C. § 6501, defendant asserts that Congress granted the IRS three years within which to audit an estate tax return and assert a tax deficiency. Defendant also asserts that the IRS was not bound to rule on plaintiff's election before auditing the estate. According to defendant, plaintiff acted at his peril in distributing all liquid assets before the audit was completed or the statute of limitations expired. Furthermore, defendant contends that the IRS did not communicate to plaintiff that an election under section 6166 was available.

Plaintiff's claim that the IRS should be equitably estopped fails. The IRS' silence cannot be construed as a misrepresentation of fact. The IRS was not bound to rule on plaintiff's election before auditing the estate's return and was under no duty to respond to the position taken on the return without the benefit of information developed in an audit. Furthermore, the IRS never approved the I.R.C. § 6166 election in the notices relied on by plaintiff. It would be unreasonable to expect the IRS to challenge a position taken on a taxpayer's return until an audit is performed.

Under I.R.C. § 6501(a) Congress granted the IRS three years within which to audit an estate tax return and assert a tax deficiency. Plaintiff is presumed to have notice of this statute. Accordingly, plaintiff did not act reasonably and was not justified in distributing all of the liquid assets prior to the completion of the audit or expiration of the statute of limitations. Plaintiff's misplaced reliance on his own view that the estate qualified for the deferral does not establish that if full payment is required, it will constitute a significant detriment. Plaintiff could have sued in the Tax Court without paying any of the assessments. For whatever reason, plaintiff chose not to and may not now claim that he has been unjustly treated. *See Flora*, 362 U.S. at 175, 80 S.Ct. at 645. The denial of equitable relief will not yield an unconscionable result in this case.

Plaintiff argues the applicability of *Parrish v. Loeb*, 558 F.Supp. 921 (C.D.Ill.1982).

*Parrish*, however, was factually isolated to an instance where the taxpayer had no alternative forum available to him. 558 F.Supp. at 925. Since the tax assessment was undisputed and the taxpayer did not have a claim for refund, he could not bring suit in the Tax Court. The *Parrish* court did recognize that in cases where some remedy is ultimately available to the taxpayer, the federal courts may not consider the potential hardship imposed upon a taxpayer as a fact warranting restraint of assessment or collection of a tax. *Id.* at 925. The court also stated that the possibility of irreparable injury provides no jurisdictional basis for a suit. *Id.* at 926 (citing cases). In the case at bar, plaintiff could have brought suit in the Tax Court, and this court may not now consider the possible detriment that he will suffer if forced to pay all of the installments.

To the extent that *Parrish* recognized the District Director's submission of annual statements for interest payments due as a misrepresentation, *Parrish* was decided wrongly. In light of *Heckler*, and for the reasons previously stated herein, silence cannot be construed as a misrepresentation. In any event, this court is not bound by the decision in *Parrish*. *See Greenberg v. United States*, 1 Cl.Ct. 406, 407 (1983). Plaintiff has thus failed to demonstrate the elements of equitable estoppel.

4. During argument plaintiff took the position that Rev.Proc. 79–55, 1979–2 C.B. 539, required the IRS to notify plaintiff "as soon as practicable" that his section 6166 election was rejected, which the IRS failed to do by waiting just short of three years to issue the notice of deficiency. The section 3.01 guideline reads in full:

The District Director is responsible for determining whether an election made by an estate meets the conditions specified in section 6166 or section 6166A of the Code. When it is determined that an election is in accord with the requirements of these sections, no notice to that effect will be sent to the executor. An executor should assume that the election is acceptable if not advised to the con-

trary. Elections submitted will be examined as soon as practicable after receipt.

Defendant rejoins that the IRS was allowed by statute three years within which to audit plaintiff's estate tax return and assert a claim for additional taxes. The IRS did not abridge its guideline.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss is granted. The Clerk of the Court shall dismiss the complaint for lack of subject matter jurisdiction.

IT IS SO ORDERED.