### CHEATHAM ET AL. *v.* UNITED STATES.

A party, against whom an assessment was made in 1865 for an income-tax, appealed therefrom to the Commissioner of Internal Revenue, who, Oct. 7, 1867, set it aside, and ordered a new one, which was made March 15, 1868. The sum thereby assessed, with interest and penalty, was paid in instalments.  Suit to recover the money so paid was brought Jan. 15, 1869.  *Held*, that the party had no right of action, inasmuch as he failed to sue within six months from the date of the decision of the commissioner on the appeal, and had taken no appeal from the second assessment.

ERROR to the Circuit Court of the United States for the Middle District of Tennessee.

*Mr. Henry Cooper* for the plaintiff in error.

*Mr. Assistant Attorney-General Edwin B. Smith, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

Plaintiffs in error paid to the defendant, who was collector of internal revenue, the sum of $32,074 under protest, and brought their suit to recover the money, on the ground that the tax, as assessed, was illegal.  It was assessed as income-tax for the year 1864 against the female plaintiff, who was then a widow, named Acklin.  The tax originally assessed amounted to $99,726.  From this assessment Mrs. Acklin appealed to the Commissioner of Internal Revenue, who, on the 7th of October, 1867, rendered his decision, setting aside that assessment, and directing the local assessor to make a new one, and

giving him directions as to the principles on which it should be made. On the fifteenth day of March, 1868, the new assessment was made at the sum of $29,971.91. This sum, with interest and penalty, was paid at three different times, as follows: —

| | |
|---|---:|
| April 30, 1868 . . . . . . . . . . | $3,799.00 |
| July 25, 1868 . . . . . . . . . . | 20,000.00 |
| Oct. 29, 1868 . . . . . . . . . . | 8,275.00 |
| | $32,074.00 |

The present suit for the recovery of the money so paid was commenced by a writ of summons, issued Jan. 15, 1869.

The cause being transferred from the State court in which it was commenced to the Circuit Court of the United States for the Middle District of Tennessee, that court, on the trial, instructed the jury that the nineteenth section of the act of July 13, 1866, imposed a condition, without which the plaintiffs could not recover, and was not merely a statute of limitation; and as plaintiffs had not brought this suit within six months from the decision of the commissioner on their appeal, and had taken no appeal from the second assessment, made March 15, 1868, they had no right of action.

The soundness of this construction of the statute is the only question in the case.

The section under consideration (14 Stat. 152) is as follows: —

" That no suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected until appeal shall have been duly made to the Commissioner of Internal Revenue according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of said commissioner shall be had thereon, unless such suit shall be brought within six months from the time of said decision, or within six months from the time this act takes effect; *provided* that if said decision shall be delayed more than six months from the date of such appeal, then said suit may be brought at any time within twelve months from the date of such appeal."

It is quite clear that this suit was not brought within six months from the time of the decision of the commissioner on the appeal of Mrs. Acklin. No appeal was taken at all from the second assessment, under which the money was paid.

The argument of plaintiffs' counsel is, that the appeal was taken from the first assessment; and this is the only appeal necessary to give them a right of action, which right they preserved by paying the modified assessment under protest. As to the period of six months prescribed by the statute within which the suit must be brought, it is said that this is a mere statute of limitation, and that the time under it cannot begin to run until the cause of action accrued, which in this case was not until the money was paid. It is insisted that plaintiffs were not in condition to bring suit until the tax was paid; and that it could not have been intended by Congress that the very short limitation of six months should include any time before the money was paid, during which they had no right of action.

Considered as a statute of limitation, and nothing more, the proposition is not without weight; but we think there are two sufficient answers to it: —

1. The assessment on which this money was paid was a different assessment from the one upon which the appeal to the commissioner was taken. That assessment was wholly set aside. The matter was referred to the local assessor, with directions to make a new assessment. The rules by which this new assessment was to be made were prescribed for him, and differed materially from those which governed the first assessment. The commissioner did not pretend to modify the original, or to reduce it, and let it stand as so modified or reduced. He did not even fix the amount to be assessed. It was an entirely new and distinct assessment, based on different principles, which resulted in a sum not one-third as large as the assessment which had been set aside. From this assessment plaintiffs had an undoubted right to appeal to the commissioner, and urge any of the reasons which they now rely on to show that it was illegal. They paid it without such appeal; and, in doing so, we think they come within the provisions of the section which forbids suit, unless an appeal has been taken.

But suppose that the two assessments could be treated as one

transaction, and that the appeal taken was sufficient to authorize the action, if the suit had been brought within six months after the decision of the commissioner: we are still of opinion that it cannot be maintained, because it was not brought within that time.

All governments, in all times, have found it necessary to adopt stringent measures for the collection of taxes, and to be rigid in the enforcement of them.

These measures are not judicial; nor does the government resort, except in extraordinary cases, to the courts for that purpose. The revenue measures of every civilized government constitute a system which provides for its enforcement by officers commissioned for that purpose. In this country, this system for each State, or for the Federal government, provides safeguards of its own against mistake, injustice, or oppression, in the administration of its revenue laws. Such appeals are allowed to specified tribunals as the law-makers deem expedient. Such remedies, also, for recovering back taxes illegally exacted, as may seem wise, are provided. In these respects, the United States have, as was said by this court in *Nichols* v. *United States*, 7 Wall. 122, enacted a system of corrective justice, as well as a system of taxation, in both its customs and internal-revenue branches. That system is intended to be complete. In the customs department it permits appeals from appraisers to other appraisers, and in proper cases to the Secretary of the Treasury; and, if dissatisfied with this highest decision of the executive department of the government, the law permits the party, on paying the money required, with a protest embodying the grounds of his objection to the tax, to sue the government through its collector, and test in the courts the validity of the tax.

So also, in the internal-revenue department, the statute which we have copied allows appeals from the assessor to the commissioner of internal revenue; and, if dissatisfied with his decision, on paying the tax the party can sue the collector; and, if the money was wrongfully exacted, the courts will give him relief by a judgment, which the United States pledges herself to pay.

It will be readily conceded, from what we have here stated,

that the government has the right to prescribe the conditions on which it will subject itself to the judgment of the courts in the collection of its revenues.

If there existed in the courts, State or National, any general power of impeding or controlling the collection of taxes, or relieving the hardship incident to taxation, the very existence of the government might be placed in the power of a hostile judiciary. *Dows* v. *The City of Chicago*, 11 Wall. 108. While a free course of remonstrance and appeal is allowed within the departments before the money is finally exacted, the general government has wisely made the payment of the tax claimed, whether of customs or of internal revenue, a condition precedent to a resort to the courts by the party against whom the tax is assessed. In the internal-revenue branch it has further prescribed that no such suit shall be brought until the remedy by appeal has been tried; and, if brought after this, it must be within six months after the decision on the appeal. We regard this as a condition on which alone the government consents to litigate the lawfulness of the original tax. It is not a hard condition. Few governments have conceded such a right on any condition. If the compliance with this condition requires the party aggrieved to pay the money, he must do it. He cannot, after the decision is rendered against him, protract the time within which he can contest that decision in the courts by his own delay in paying the money. It is essential to the honor and orderly conduct of the government that its taxes should be promptly paid, and drawbacks speedily adjusted; and the rule prescribed in this class of cases is neither arbitrary nor unreasonable. That such was the intention of Congress, in the sixteenth section, is further shown by the provision, that even the delay of the commissioner in deciding the appeal shall not enlarge the time for suit beyond twelve months from the date of taking the appeal.

The objecting party can take his appeal. He can, if the decision is delayed beyond twelve months, rest his case on that decision; or he can pay the amount claimed, and commence his suit at any time within that period. So, after the decision, he can pay at once, and commence suit within the six months; or he can have such delays in payment as he can obtain; and, if

this carries him beyond the six months, it is his own fault, and he should not complain. *Brown* v. *Sauerwien*, 10 Wall. 218; *The Collector* v. *Hubbard*, 12 id. 1. We find no error in the record.                          *Judgment affirmed.*