**Louis ROGERS, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 17354.**

United States District Court
E. D. New York.

Sept. 24, 1957.

---

Markewich, Rosenhaus & Beck, New York City, Samuel Beck, New York City, of counsel, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, Lloyd H. Baker, Asst. U. S. Atty., Brightwaters, N. Y., Charles K. Rice, Asst. Atty. Gen., James P. Garland, Robert H. Showen, Washington, D. C., Attorneys, Department of Justice, for United States.

BRUCHHAUSEN, District Judge.

The defendant moves for an order under Fed.Rules Civ.Proc. Rule 12(b), 28 U.S.C.A., for dismissal of the complaint upon the ground that the Court lacks jurisdiction of the subject matter.

The plaintiff instituted this action to recover the sum of $100, claimed to have been collected by the defendant from the plaintiff as part payment of the amount of $15,217.24, assessed as additional income tax for the calendar year 1944. The plaintiff contends that the assessment was wrongful and illegal.

The Government's position is that the statutes, hereinafter quoted, do not permit suits in the district court for the recovery of moneys paid for taxes, unless the taxpayer has paid the entire tax claimed to be due and that a partial payment of the tax does not meet the requirement.

Section 7422 of the Internal Revenue Code, 1954, 26 U.S.C.A. § 7422, provides:

"(a) *No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate * * *."

Section 1346 of Title 28 U.S.C.A. sets forth:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(1) (As amended by Sec. 1, Act of July 30, 1954, c. 648, 68 Stat. 589) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; * * *."

The Government asserts that there are two alternative remedies available to an aggrieved taxpayer, i. e., that he may,

without payment of the tax, litigate in the Tax Court or, upon payment of the tax claimed to be due, institute action for recovery of same in the district court.

The case of Bendheim v. Commissioner of Internal Revenue, 2 Cir., 1954, 214 F.2d 26, 28, cited by the Government, supports its contention. The Court therein said:

"We are content to follow the reasoning of Judge Dobie, writing for the Fourth Circuit in McConkey v. Commissioner of Internal Revenue, 1952, 199 F.2d 892, where the facts were identical with those here. The taxpayer has two independent procedures open to him, with advantages and disadvantages in each. He should not be entitled to pick and choose a little from each for his benefit but should be restricted to the pursuit of either in an orderly manner."

Immediately following the said quoted portion of the opinion, the Court added this significant statement, viz.:

"The payment of the amount claimed to be due is the prerequisite to a suit in a federal court for a refund. That remedy is still open to the taxpayer here."

In the case of Coates v. United States, 2 Cir., 111 F.2d 609, although the taxpayer had paid only a part of the claimed tax, prior to the commencement of the action, he paid the balance thereof, prior to the time of the decision on appeal and alleged the making of such payment in his amended complaint. Under these circumstances, the Court's statement, indicating that part payment sufficed as a basis for the suit, seems to be dicta. Furthermore, the later ruling by the same Court in the Bendheim case, supra, is controlling.

The requirement of payment of the claimed tax as a condition precedent to litigating the issue in the district court is sustained by the weight of authority. In this connection, the Court in Cheat-

ham v. United States, 1875, 92 U.S. 85, 23 L.Ed. 561, said:

"While a free course of remonstrance and appeal is allowed within the departments before the money is finally exacted, the General Government has wisely made the payment of the tax claimed, whether of customs or of internal revenue, a condition precedent to a resort to the courts by the party against whom the tax is assessed."

With the growth of the country and its tax controversies, another forum was created, The Board of Tax Appeals, now the Tax Court, wherein a taxpayer is afforded the opportunity to litigate the tax claimed, without payment of the claimed tax in lieu of resorting to a district court, where he is obligated to pay the tax in advance of procuring a determination of its validity. The report of the House Ways and Means Committee on the proposed legislation contains the following statements:

"The committee recommends the establishment of a board of Tax Appeals to which a taxpayer may appeal prior to the payment of an additional assessment of income, excess-profits, war-profits, or estate taxes. Although a taxpayer may, after payment of his tax, bring suit for the recovery thereof, and thus secure a judicial determination of the questions involved, he cannot, in view of section 3224 of the Revised Statutes [26 U.S.C.A. (I.R.C. 1954) § 7421], which prohibits suits to enjoin the collection of taxes, secure such a determination prior to the payment of the tax. The right of appeal after payment of the tax is an incomplete remedy, and does little to remove the hardship occasioned by an incorrect assessment. The payment of a large additional tax on income received several years previous and which may have, since its receipt, been either wiped out by subsequent losses, invested in nonliquid assets, or spent, sometimes forces taxpayers into bankruptcy, and often causes great financial hardship and sacrifice. These results are not remedied by permitting the taxpayer to sue for the recovery of the tax after this payment. He is entitled to an appeal and to a determination of his liability for the tax prior to its payment."

The motion is granted.