**Sig and Barbara SHORE, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant– Appellee.**

No. 93–5020.

United States Court of Appeals, Federal Circuit.

Nov. 16, 1993.

Robert L. Teicher, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, argued for plaintiffs-appellants.

Gary R. Allen, U.S. Dept. of Justice, Washington, DC, argued for defendant-appellee. With him on the brief were Michael L. Paup, Jonathan S. Cohen and Steven W. Parks.

Before PLAGER and RADER, Circuit Judges, and WOODS, District Judge.*

WOODS, District Judge.

Sig and Barbara Shore (the taxpayers) brought an action in the United States Court of Federal Claims [1] for a refund of assessed taxes which they had paid.[2] The taxpayers now petition for review of the August 21, 1992 judgment of that court, dismissing their action for lack of subject matter jurisdiction due to their failure to pay the assessed penalties and interest. Because the full payment rule set forth in *Flora v. United States*, 357 U.S. 63, 78, 78 S.Ct. 1064, 1079, 2 L.Ed.2d 1165 (1958), *aff'd on reh'g*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), does not require prepayment of interest and penalties when the taxpayer only disputes the tax assessment, we reverse and remand.

*BACKGROUND*

After an audit of the taxpayers' 1974 and 1975 joint federal income tax returns, the

---

* Honorable George E. Woods, District Judge, Eastern District of Michigan, sitting by designation.

1. The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506, changed the name of the United States Claims Court to the United States Court of Federal Claims.

2. *Shore v. United States*, 26 Cl.Ct. 829 (1992).

Internal Revenue Service (IRS) disallowed several deductions claimed by the taxpayers. The IRS determined deficiencies in the taxpayers' tax liabilities for those years of $56,174 and $14,783, respectively, plus unstated interest. In addition, the IRS determined that the taxpayers owed a penalty of $3,696 for failing to timely file their 1975 tax return.[3] The tax deficiencies and the penalty were assessed on December 17, 1985. The interest on the taxpayers' 1974 and 1975 tax returns was assessed periodically between December 1985 and June 1987, for a total of $95,795.78 and $23,709.04, respectively. On June 24, 1987, the taxpayers paid the total assessed tax deficiency of $70,957, but did not pay any portion of the assessed penalties or interest.

The taxpayers filed administrative claims for the refund of the amounts paid. These claims were rejected by the IRS. The taxpayers were notified of the rejections by letters dated November 3, 1987 and April 26, 1989. The taxpayers subsequently filed a timely tax refund action in the Court of Federal Claims on October 26, 1989. While the suit was pending, on February 27, 1991, the taxpayers and the Government entered into a stipulation which provided that the taxpayers' liability for the assessed penalty and interest would be based on the Court of Federal Claims' decision regarding the taxpayers' tax refund action. At the same time that the parties entered into the stipulation, the Government filed a counterclaim for the unpaid interest and penalties.

On May 5, 1992 the Court of Federal Claims, *sua sponte*, ordered both parties to brief the issue of whether, in light of the "full payment rule" set forth by the United States Supreme Court in *Flora*, the taxpayers were required to pay the penalty and interest, in addition to the tax, in order to maintain their tax refund action in the Court of Federal Claims. Both parties filed briefs in which they agreed that the taxpayers' payment of the tax assessment in question was adequate to confer jurisdiction of the Court of Federal claims, and that it was not necessary for the taxpayers to pay the assessed penalty and interest. The Court of Federal Claims disa-

greed, and on August 21, 1992 dismissed the action for lack of subject matter jurisdiction based on the taxpayers' failure to pay the assessed penalty and interest. The taxpayers appeal that decision, and the United States joins them in their contention that the Court of Federal claims has subject matter jurisdiction over this action.

## DISCUSSION

Because it is a sovereign, the United States may be sued only to the extent that it has consented to suit by statute, and the terms of that consent define the jurisdiction of the court to hear those suits. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The provision which grants the Court of Federal Claims jurisdiction over suits with respect to which the United States has waived its sovereign immunity is the Tucker Act, 28 U.S.C. § 1491 (1988). Congress provided the necessary consent with respect to suits brought in the district courts against the United States for the refund of federal taxes in 28 U.S.C. § 1346(a)(1) (1988), which states:

(a) The district court shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws.

The Internal Revenue Code contains essentially the same provision at 26 U.S.C. § 7422(a) (1988).

### A. The Full Payment Rule

The Supreme Court interpreted § 1346(a)(1) in *Flora v. United States*. In that case the taxpayer had paid $5,058.54 of a $28,908.60 deficiency assessment, which included interest, and then filed a claim for a refund of only the amount paid. After the Commissioner of Internal Revenue disal-

---

**3.** 26 U.S.C. § 6651(a)(1) (1988).

lowed the taxpayer's claim, the taxpayer sued for a refund in district court. The district court held that in order to maintain a tax refund action under § 1346, the taxpayer must have fully paid the tax assessed against him. The Tenth Circuit Court of Appeals agreed with the district court. The Supreme Court granted certiorari because there was a conflict among the courts of appeals in their interpretation of § 1346(a)(1).

The *Flora* Court began its analysis by noting that the language and legislative history of § 1346 were not conclusive as to the statute's meaning. The Court acknowledged that the phrase "any internal-revenue tax," as used in § 1346(a)(1), could be construed to require payment of the entire amount assessed. However, the Court applied a disjunctive reading of § 1346(a)(1) based on the connective "or" separating the three categories of payments assessed or collected: "any internal-revenue tax," or "any penalty," or "any [other] sum." The Court construed the phrase "any sum" as referring to amounts which are neither taxes nor penalties, an obvious example being interest. *Flora*, 362 U.S. at 149, 80 S.Ct. at 632. The Court adopted what has become known as the "full payment rule," requiring payment of the full tax before a refund suit could be brought in a federal district court under § 1346(a)(1). *Flora*, 362 U.S. at 150, 80 S.Ct. at 633. The full payment requirement of Section 1346(a)(1) and *Flora* applies equally to tax refund suits brought in the Court of Federal Claims under Section 1491. *Tonasket v. United States*, 590 F.2d 343, 218 Ct.Cl. 709, 711–712 (1978); *Katz v. United States*, 22 Cl.Ct. 714, 714–15 (1991).

The *Flora* ruling established the basic framework for the proper interpretation of § 1346 by making the prepayment of the tax deficiency a necessary prerequisite to maintain a refund action. However, lower courts remain divided over the effect the *Flora* full payment rule has on the prepayment of penalties and interest. Most of this confusion appears to stem from *Flora's* interchangeable use of the term "assessment." For example, the last sentence of the majority opinion states that "§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained." *Flora*, 362 U.S. at 177, 80 S.Ct. at 647. This use of the word "assessment" suggests that the taxpayer must pay all taxes, penalties and interest that have been assessed before the Court of Federal Claims will have jurisdiction to hear a refund suit. At other parts of its opinion, the Court states that in order to obtain jurisdiction over a refund suit for the tax portion of an assessment, the full tax assessed must be paid, while it would not be necessary to prepay any interest or penalty which may also have been assessed. *Flora*, 362 U.S. at 149, 171 n. 37, 80 S.Ct. at 632, 646 n. 37.

## B. Court of Federal Claims Cases

This court's predecessor consistently applied the full payment rule with regard to the principal tax deficiency. Where the principal tax deficiency has not been paid in full, such tax refund claims are dismissed, regardless of any interest or penalty payments. *Tonasket v. United States*, 218 Ct.Cl. 709, 590 F.2d 343 (1978) (only $300 paid toward a $117,000 assessment of tax and penalties).[4]

The Court of Federal Claims has also followed this rule. *See Magee v. United States*, 24 Cl.Ct. 511, 512 (1991) (where the taxpayer had fully paid the principal tax deficiency and penalty, but had not paid interest, the court held that payment of interest was not neces-

---

4. This court's decision in *Rocovich v. United States*, 933 F.2d 991 (Fed.Cir.1991), did not hold that full payment of penalties and interest may be a jurisdictional prerequisite to maintaining a tax refund suit. Rather, this court merely cited *Lambropoulos v. United States*, 18 Cl.Ct. 235, 237 (1989) as an example of how the *Flora v. United States*, 357 U.S. 63, 78, 78 S.Ct. 1079, 1064, 2 L.Ed.2d 1165 (1958), full payment rule has been interpreted by the Court of Federal Claims. *Rocovich*, 933 F.2d at 993–94. *Rocovich* involved an estate that had elected to pay its federal estate tax liability in installments pursuant to 26 U.S.C. § 6166. The estate sought to maintain a tax refund suit before having paid the full amount of the estate tax assessment. This court held that the estate tax was not a divisible tax and thus a partial payment of the estate tax does not satisfy the *Flora* full payment rule. *Rocovich*, however, did not squarely address the issue of whether the estate must pay the interest or penalties assessed in order to support subject matter jurisdiction before the Court of Federal Claims.

sary to comply with the full payment rule); *Cohen v. United States,* 23 Cl.Ct. 717, 719 n. 3 (1991) (only full payment of the principal tax deficiency is necessary to maintain a suit, as long as the taxpayer raises no independent issues regarding interest); *DiNatale v. United States,* 12 Cl.Ct. 72, 72–74 (1987) (taxpayer made no payment against assessed tax, penalty, or interest deficiency); *cf. Lambropoulos v. United States,* 18 Cl.Ct. 235, 237 (1989) (taxpayer paid full amount of income tax deficiency, but did not pay interest and penalty; after stating that "[u]npaid interest and penalty are treated the same as the underlying tax for jurisdictional purposes," the court dismissed for lack of subject matter jurisdiction).

## C. Analysis

The Court of Federal Claims was influenced by the stipulation entered by the taxpayers and the United States. The stipulation provided that the court's decision on the tax refund issue would also determine whether the taxpayers owed the interest and penalty which had been assessed. The court viewed the stipulation as a tool by which the parties were trying to manipulate the court's jurisdiction. *Shore v. United States,* 26 Cl. Ct. 829, 839 (1992). While the taxpayers disputed only the tax portion of the assessment in their complaint, it was clear that they also disputed the interest and penalty portions of the assessment, yet they had only paid the tax principal. The Court of Federal Claims held that, under § 1346 and *Flora's* full payment rule, the court lacked jurisdiction to hear the taxpayers' case.

Appellants and appellee disagree with the Court of Federal Claims's interpretation of § 1346 and *Flora.* Both sides agree that *Flora* requires full payment of the tax to support subject matter jurisdiction over an action for the refund of the tax. However, the parties do not believe that payment of interest or penalties is required if the taxpayer is not seeking a refund of such interest or penalties.

In the view of this court, the Supreme Court's use of the term "assessment" in *Flora,* especially as it is used in the requirement of "full payment of the assessment," 362 U.S.

at 177, 80 S.Ct. at 647, was intended to refer only to the tax portion of any amount assessed. It is noted that the Court never addressed the issue of penalties in *Flora* because no penalties had been assessed in that case. With regard to interest, the Court stated in dictum contained in a footnote that "the statute lends itself to a construction which would permit suit for the tax after full payment thereof without payment of any part of the interest." *Flora,* 362 U.S. at 171 n. 37(d), 80 S.Ct. at 646 n. 37(d). Footnote 37 means that the term "assessment," as used by the Court, does not include penalties and interest. Based on the Supreme Court's decision in *Flora,* § 1346(a)(1) confers jurisdiction on district courts and the Court of Federal Claims to hear tax refund suits, so long as the taxpayer prepays the full tax assessed, exclusive of interest and penalties.

In response to the Court of Federal Claims' concern over the parties' stipulation, it does not appear to this court that the parties were trying to do indirectly what they could not do directly. Jurisdiction is determined based on the circumstances as they exist at the time plaintiffs file their claim. In this case, plaintiffs paid their tax liability deficiency, and then filed a refund suit for the amount of the tax assessment. The stipulation was filed much later, in the form of a settlement. Instead of bringing another suit to dispute the interest and penalty, the parties agreed in advance that the taxpayers' liability would be dependent on the outcome of the case. The Court of Federal Claims' ruling was based on its belief that the stipulation put the issues of interest and penalties before the court without prepayment of those amounts. However, it is clear that the issues of interest and penalties were not before the court.

## CONCLUSION

The *Flora* full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action under § 1491. Only if the taxpayers assert a claim over assessed interest or penalties on grounds not fully determined by the claim for recovery of principal must they

prepay such interest and penalties as well as the assessed tax principal.

The Court of Federal Claims should have retained jurisdiction in this case. The case is reversed and remanded for further proceedings by the Court of Federal Claims.

### COSTS

Each party to bear its own costs.

*REVERSED AND REMANDED.*