NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES WIDTFELDT,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5128

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00008-MMS, Judge Margaret M. Sweeney.

---

Decided: October 12, 2016

---

JAMES WIDTFELDT, Atkinson, NE, pro se.

ANTHONY T. SHEEHAN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CAROLINE D. CIRAOLO, BRUCE R. ELLISEN.

---

Before LOURIE, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

James Widtfeldt ("Widtfeldt"), an attorney proceeding *pro se*, appeals from the final judgment of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *See Widtfeldt v. United States,* 122 Fed. Cl. 158 (2015); *see also* Appellant's App. ("A.A.") 1–9. Because the Claims Court did not err in dismissing the complaint, we *affirm*.

BACKGROUND

The facts of this case as reported by Widtfeldt are not entirely clear; indeed, the Claims Court noted that Widtfeldt's complaint was "unintelligible and convoluted," and that it was required to rely on Widtfeldt's post-complaint filings to "fill in some of the many factual gaps in the complaint." *Widtfeldt*, 122 Fed. Cl. at 160 n.2. We glean the following from Widtfeldt's brief and the Claims Court's opinion.

Widtfeldt's parents were Albert Widtfeldt, who died in 1996, and Gusteva Widtfeldt, who died on February 8, 2006. *Id.* at 160. In 1998, the Internal Revenue Service ("IRS") initiated an audit to determine whether Widtfeldt had purchased certain real property from his parents, or instead received the property through inheritance. *Id.* Between 1999 and 2000, Gusteva Widtfeldt made payments to the IRS totaling approximately $193,000 in what Widtfeldt asserts were "death taxes" for herself and her husband. *Id.* In 2002, Widtfeldt received a letter from IRS appeals officer Arthur C. Welp referencing gift taxes and indicating that "[t]he agreement we reached has been approved." *Id.* Widtfeldt claims that the IRS subsequently determined, on appeal, that his mother's payments were, in fact, an overpayment. *Id.*

When Widtfeldt's mother died in 2006, the Commissioner of Internal Revenue issued to her estate a notice of

deficiency for unpaid gift and estate taxes for the tax years ending in 2004 and 2006. *Id.* at 160–61. Widtfeldt challenged the deficiency notice on behalf of his mother's estate ("the estate") in the United States Tax Court ("Tax Court"), claiming that the gift and estate taxes due to the IRS were previously paid by his mother through the 1999 and 2000 payments. However, in April 2011, the Tax Court dismissed Widtfeldt's claim on the ground that he had failed to prove that the government's tax liability determinations were incorrect, and accordingly enforced the tax deficiencies, with penalties. *Id.* Widtfeldt appealed to the Court of Appeals for the Eighth Circuit, which affirmed the Tax Court's decision. *See Widtfeldt v. Comm'r*, 449 F. App'x 561 (8th Cir. 2012).

In 2014, Widtfeldt filed a complaint in the Claims Court against the United States, Settlement Officer Tom Murphy, the United States Treasury, and the Commissioner of Internal Revenue. Widtfeldt's complaint specifically sought a federal gift and estate tax refund believed to be owed to his mother's estate in the amount of approximately $193,000, damages in the amount of $900,000, and other relief allegedly granted to him by the Tax Court. Appellee's Br. 6–7. The United States moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. The Claims Court granted the government's motion and dismissed Widtfeldt's complaint for lack of subject matter jurisdiction.

The Claims Court concluded that although the Tucker Act gives it jurisdiction over tax refund suits, other statutes limit that jurisdiction. *Widtfeldt*, 122 Fed. Cl. at 162–63. The Claims Court determined that three specific limitations deprived it of jurisdiction over Widtfeldt's complaint: (1) 26 U.S.C. § 6512(a), which bars tax refund suits if the taxpayer has filed a petition in the Tax Court, because Widtfeldt "previously filed Tax Court petitions seeking redetermination of the same liabilities"; (2) 26

U.S.C. § 7422(a), which sets forth the requirements for filing a tax refund case in court, because Widtfeldt failed to file a tax refund claim with the IRS within the required time period; and (3) 26 U.S.C. § 7482(a)(1), which gives the regional Courts of Appeals exclusive jurisdiction to review decisions of the Tax Court, to the extent that Widtfeldt sought review of the Tax Court's decision. *Id.* at 164–65.

Moreover, the Claims Court concluded that it did not have jurisdiction over the claims against Settlement Officer Tom Murphy, the United States Treasury, and the Commissioner of Internal Revenue because the jurisdiction of the Claims Court is limited to claims against the United States. *Id.* at 163 n.4. In addition, all of Widtfeldt's remaining claims, relating to, *inter alia*, "the Hatch Act, Lyme and neurogenerative diseases, and slavery," were dismissed because they were "unintelligible and bizarre, and, consequently, frivolous." *Id.* at 166.

Widtfeldt timely appealed from the Claims Court's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision to dismiss a claim for lack of subject matter jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements," *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

The Tucker Act provides the Claims Court with jurisdiction over claims "against the United States founded

either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398 (1976). "Instead, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." *Khan v. United States,* 201 F.3d 1375, 1377 (Fed. Cir. 2000).

When a taxpayer is served with a notice of tax deficiency, the individual may: (1) pay the tax, request a refund from the IRS, and then file a suit for refund in the Claims Court or in a district court; or (2) file a petition in the Tax Court to challenge the assessment. *See Flora v. United States*, 362 U.S. 145, 163 (1960); *Shore v. United States*, 9 F.3d 1524, 1525–27 (Fed. Cir. 1993); *Ishler v. United States*, 115 Fed. Cl. 530, 534–36 (2014). Pursuant to 26 U.S.C. § 6512(a), subject to certain exceptions that are not at issue in the present appeal, if the taxpayer elects to file a petition in the Tax Court, that individual cannot later file suit in the Claims Court or in a district court and attempt to recover a refund for the same taxable year.

Widtfeldt argues that the Claims Court's dismissal should be reversed and that the IRS should be ordered to repay any overpaid taxes with interest. He provides no persuasive reasoning. The government responds that the Claims Court properly considered all relevant facts and correctly concluded that it lacks jurisdiction over Widtfeldt's complaint.

We agree with the government that the Claims Court lacks jurisdiction over Widtfeldt's complaint. When he

received the tax deficiency notice from the Commissioner of Internal Revenue, Widtfeldt chose to file a petition in the Tax Court contesting the tax deficiency. The Tax Court ruled against Widtfeldt, and the Court of Appeals for the Eighth Circuit affirmed that decision. Having filed that petition in the Tax Court, § 6512(a) barred Widtfeldt from pursuing the same refund suit in the Claims Court for the same taxable year, unless Widtfeldt could establish that one of the statutory exceptions applied. Widtfeldt does not contest the Claims Court's conclusion that the claims in his complaint are the same as those presented to the Tax Court, disputing the tax deficiency assessed after his mother's death, and does not contend that any of the statutory exceptions apply. Accordingly, § 6512(a) bars Widtfeldt from relitigating in the Claims Court the claims that he lost in the Tax Court.

Because § 6512(a) bars Widtfeldt's suit in light of the prior proceedings in the Tax Court, we need not, and do not, address the Claims Court's alternative grounds for concluding that it lacked jurisdiction. Moreover, we discern no error in the Claims Court's dismissal of the nonsovereign defendants from this action, or its dismissal of the remaining allegations as frivolous.

We have considered Widtfeldt's remaining arguments, but find them unpersuasive. For the foregoing reasons, we affirm the Claims Court's decision dismissing Widtfeldt's complaint for lack of subject matter jurisdiction.

**AFFIRMED**