NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

------------------------

**LAMAR ELLIS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

------------------------

2020-1015

------------------------

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01579-MBH, Senior Judge Marian Blank Horn.

------------------------

Decided: March 6, 2020

------------------------

LAMAR ELLIS, Brea, CA, pro se.

MARION E.M. ERICKSON, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by DEBORAH K. SNYDER, RICHARD E. ZUCKERMAN.

------------------------

Before PROST, *Chief Judge*, LINN and TARANTO, *Circuit Judges.*

PER CURIAM.

Lamar Ellis filed a complaint in the United States Court of Federal Claims, alleging that the United States owes him a refund of taxes for the 1998 tax year. The Court of Federal Claims held that it lacked subject-matter jurisdiction over Mr. Ellis's claims and dismissed the complaint. We affirm.

I

In May 2017, Mr. Ellis filed a tax refund claim with the Internal Revenue Service (IRS) for the 1998 tax year. The IRS denied the claim, giving two reasons: the claim was filed "more than three years after the due date of the tax return"; and the claim was based on a "frivolous position." S.A. 23.

In October 2018, Mr. Ellis filed this action against the United States. As modified the next month, the complaint requests an award of $97,753,836 to recover an asserted overpayment for the 1998 tax year, among other things.[1] Mr. Ellis attached amended tax return forms for the 1998 tax year, a 2013 application for a tentative refund, and letters from the IRS denying his May 2017 refund claim.

The government moved to dismiss the complaint for lack of subject matter jurisdiction. The Court of Federal Claims granted the motion. *Ellis v. United States*, 144 Fed. Cl. 548, 556 (2019). The court held that the complaint is

---

[1]    Mr. Ellis was initially joined by two related entities as co-plaintiffs, who together sought a refund of $969,840,266 for the 1998 tax year. S.A. 12–14. The Court of Federal Claims permitted Mr. Ellis to file a supplement to the complaint, removing the two entities as parties and limiting the refund request to $97,753,836. S.A. 47–49. Since that filing, the parties and the court have treated the two entities as no longer part of the case.

outside its jurisdiction over tax refund claims because Mr. Ellis had not fulfilled the prerequisites to maintain such a claim. *Id.* at 553–56. The court entered final judgment on August 22, 2019.

Mr. Ellis timely filed a notice of appeal. S.A. 127; 28 U.S.C. §§ 2107, 2522. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review de novo the trial court's dismissal for lack of subject-matter jurisdiction under the Tucker Act. *See Alpine PCS, Inc. v. United States*, 878 F.3d 1086, 1092 (Fed. Cir. 2018); *Mudge v. United States*, 308 F.3d 1220, 1224 (Fed. Cir. 2002). In reviewing the dismissal here, we accept as true all factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Although we generally interpret the pleadings of a *pro se* plaintiff liberally, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)), *pro se* status cannot excuse a failure to demonstrate that jurisdictional requirements are met, *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party seeking relief from the court bears the burden of establishing the court's jurisdiction. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

## A

A taxpayer seeking a refund of taxes erroneously or illegally assessed or collected may bring an action against the United States in the Court of Federal Claims. 28 U.S.C. § 1346(a)(1). But there are two prerequisites to the court's jurisdiction over such a claim. First, the taxpayer must have already paid the disputed taxes in full. *See Flora v. United States*, 357 U.S. 63, 75–76 (1958); *see also Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (applying *Flora*'s "full payment rule" to tax refund suits brought in the Court of Federal Claims). Second, the

taxpayer must have timely sought a refund from the IRS before suing in the Court of Federal Claims, 26 U.S.C. § 7422(a); specifically, he had to file a refund claim with the IRS within three years of the date the return was filed or two years of the date the tax was paid, whichever period expires later, 26 U.S.C. § 6511(a).

Considering the complaint, the specific-information requirement of Rule 9(m) of the Rules of the Court of Federal Claims, and what Mr. Ellis argued in the trial court, we conclude, in agreement with the Court of Federal Claims, that Mr. Ellis has not met either prerequisite. Mr. Ellis has not provided any plausible allegation that he paid the tax liability in full. And the refund claim he made to the IRS in May 2017 was far out of time. Therefore, the Court of Federal Claims lacked jurisdiction to hear Mr. Ellis's complaint as a claim for a tax refund.

B

In his informal brief, Mr. Ellis argues that the trial court erred in not using the "[26 U.S.C.] Section 1045 application for a tentative refund" and in not requesting information from his past bankruptcy when considering the motion to dismiss. Appellant's Br. at 1. But Mr. Ellis has not shown how either action would have cured the jurisdictional deficiencies.

Finally, Mr. Ellis has filed a document, ECF No. 36, that we construe as a request for leave to file a motion to close the case while granting favorable monetary compensation to Mr. Ellis. We deny the request as moot.

III

Because Mr. Ellis has not shown that he has a claim within the jurisdiction of the Court of Federal Claims, we affirm the judgment dismissing the case.

**AFFIRMED**