NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BYRON L. TAYLOR,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2020-1216

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00765-PEC, Judge Patricia E. Campbell-Smith.

_____

Decided: April 13, 2021

_____

BYRON L. TAYLOR, West Yellowstone, MT, pro se.

JANET A. BRADLEY, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by THOMAS J. CLARK, RICHARD E. ZUCKERMAN.

_____

Before DYK, MOORE, and REYNA, *Circuit Judges*.

PER CURIAM.

Byron L. Taylor appeals a final decision of the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of subject matter jurisdiction. We *affirm*.

## BACKGROUND

Mr. Taylor filed timely income tax returns and fully paid his tax liability for the 2010, 2011, and 2012 tax years. Mr. Taylor later filed amended returns for the 2010–2012 tax years. The Internal Revenue Service ("IRS") determined that all of the amended returns were frivolous and assessed penalties against Mr. Taylor. The IRS transferred Mr. Taylor's overpayments from tax years 2014–2017 as partial payment for the penalties and has unsuccessfully attempted to use liens and levies to collect the outstanding balance.

After unsuccessfully seeking relief in the Tax Court, on May 21, 2019, Mr. Taylor filed a complaint in the Claims Court seeking damages allegedly stemming from the IRS's assessment of penalties and its collection efforts. On September 10, 2019, the Claims Court dismissed the complaint, concluding that it did not have jurisdiction over Mr. Taylor's challenges to IRS assessments of tax liability and collection practices. Mr. Taylor then filed a motion for reconsideration, apparently predicated on the Fourth Amendment, which the Claims Court denied on October 7, 2019. Mr. Taylor appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The only issue here is whether the Claims Court properly dismissed Mr. Taylor's complaint for lack of subject matter jurisdiction.

We review de novo a dismissal by the Claims Court for lack of subject matter jurisdiction. *Petro-Hunt, L.L.C.*

*v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017) (citing *Fidelity & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015)). A plaintiff must show by a preponderance of the evidence that jurisdiction obtains. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).

The Tucker Act, 28 U.S.C. § 1491, is the principal statute governing the Claims Court's jurisdiction. *See* 28 U.S.C. § 1491; *Taylor*, 303 F.3d at 1359. Under the Tucker Act, the Claims Court has jurisdiction

> to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

Under 28 U.S.C. § 1346, sometimes known as the "Little Tucker Act," the Claims Court also has jurisdiction over

> civil action[s] against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1).

Under the "full payment rule," to maintain a tax refund action under § 1346, a taxpayer must have fully paid the assessed tax. *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (citing *Flora v. United States*, 362

U.S. 145, 150, 177 (1960)).  We have further held that for the Claims Court to have jurisdiction over "a claim over assessed interest or penalties," the taxpayer must "prepay such interest and penalties" before filing suit.  *Id.* at 1527–28.  Here, Mr. Taylor sought a refund for the frivolous return penalties assessed against him without having paid said penalties in full.  Therefore, under the full payment rule, the Claims Court did not have jurisdiction to hear his claim for a refund.

As to Mr. Taylor's Fourth Amendment claim, the jurisdiction of the Claims Court "is limited to cases in which the Constitution or a federal statute *requires* the payment of money damages as compensation for their violation." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (emphasis added).  Because "the Fourth Amendment does not mandate the payment of money for its violation," the Claims Court does not have jurisdiction over Fourth Amendment claims.  *Id.*

Mr. Taylor also argues that the Claims Court did not take account of the exhibits he submitted in support of his claim, but having reviewed the record, we find no reason to doubt the Claims Court's representation that it "thoroughly examined" Mr. Taylor's complaint and response brief in deciding the government's motion to dismiss.  *See* S. App'x at 3.

Finally, we note that contrary to Mr. Taylor's assertion, the government's motion to dismiss before the Tax Court in no way constitutes a concession that the IRS lacked jurisdiction to assess taxes or penalties against Mr. Taylor.

We hold that the Claims Court lacked jurisdiction over Mr. Taylor's complaint and properly dismissed.

**AFFIRMED**