NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GENE ALLEN SCHROEDER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-1740

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01706-DAT, Judge David A. Tapp.

---

Decided:  July 13, 2021

---

GENE ALLEN SCHROEDER, Okeene, OK, pro se.

JULIE CIAMPORCERO AVETTA, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by ARTHUR THOMAS CATTERALL.

---

Before NEWMAN, TARANTO, and CHEN, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* CHEN.

*Circuit Judge* NEWMAN concurs in the judgment of dismissal.

CHEN, *Circuit Judge.*

Gene Allen Schroeder appeals a decision by the United States Court of Federal Claims (Claims Court) dismissing his complaint for lack of subject-matter jurisdiction. *Schroeder v. United States*, No. 19-1706, 2020 WL 865409 (Fed. Cl. Feb. 21, 2020).  Because we agree that the Claims Court lacked jurisdiction over Mr. Schroeder's claims, we *affirm*.[1]

## BACKGROUND

The Internal Revenue Service (IRS) assessed Mr. Schroeder with tax deficiencies for tax years spanning from 2000 to 2018, resulting in liens on his property, garnishments, and levies.  Suppl. App. at 1–2.[2]  In April 2019, Mr. Schroeder filed suit in the United States Tax Court (Tax Court) seeking redetermination of the tax deficiencies.  *Id.* at 1.  The Tax Court dismissed his case for lack of jurisdiction, *id.* at 5, finding that:  (1) Mr. Schroeder's petition was not timely filed and (2) the IRS issued no notice of

---

[1]   This case raises arguments similar or identical to those raised in several recent cases heard before this court.  In all of these cases, we affirmed the Claims Court's dismissals for lack of subject-matter jurisdiction.  *See Taylor v. United States*, 844 F. App'x 369 (Fed. Cir. 2021); *Fujita v. United States*, 845 F. App'x 930 (Fed. Cir. 2021); *Hitsman v. United States*, 825 F. App'x 859 (Fed. Cir. 2020); *Schallmo v. United States*, 825 F. App'x 826 (Fed. Cir. 2020); *Taylor v. United States*, 817 F. App'x 1021 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1415 (2021); *Brooks v. United States*, 825 F. App'x 745 (Fed. Cir. 2020); *Patterson v. United States*, 809 F. App'x 1008 (Fed. Cir. 2020).

[2]   "Suppl. App." refers to the supplemental appendix filed by the government.

deficiency or notice of determination that would confer jurisdiction to the Tax Court.  Suppl. App. at 12.

In October 2019, Mr. Schroeder sued the United States in the Claims Court, alleging that, because the Tax Court dismissed his case for lack of jurisdiction, the IRS lacked authority to collect his unpaid taxes.  Suppl. App. at 1. Mr. Schroeder asserted that the United States injured him "in the amount of $934,596.49 by collecting assets without jurisdiction."  Suppl. App. at 7.

The Claims Court dismissed Mr. Schroeder's complaint in February 2020, holding that it lacked jurisdiction over his claims because:  (1) he failed to fully pay his outstanding tax liabilities and request a refund, both of which are required for a tax refund claim; (2) federal district courts possess exclusive jurisdiction over any wrongful levy claims presented; (3) the Tucker Act does not provide a statutory basis for the Claims Court to hear Mr. Schroeder's tort claim; (4) the Due Process Clause is not a money-mandating source of law; and (5) Mr. Schroeder did not concede the validity of the government's actions, a requirement for a Fifth Amendment takings claim.  Suppl. App. at 5.

Mr. Schroeder appeals to this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a dismissal for lack of subject-matter jurisdiction de novo and accept well-pleaded factual allegations as true.  *Inter-Tribal Council of Ariz., Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020).  The plaintiff has the burden to establish subject-matter jurisdiction by a preponderance of the evidence.  *Id.* at 1337.

The Tucker Act limits the Claims Court's jurisdiction to suits "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied

contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). "To be cognizable under the Tucker Act, [a] claim must be for money damages against the United States, and the substantive law must be money-mandating." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *see also Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006) (explaining that if a claim is not based on a money-mandating source of law, then it lies beyond the jurisdiction of the Claims Court).

In the present case, the Claims Court properly found that it lacks jurisdiction over this action as a tax refund suit. Under 28 U.S.C. § 1346(a)(1), "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the [g]overnment either in United States district court or in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008). To bring a tax refund claim, the taxpayer requesting the refund must satisfy the full payment rule, which requires payment of all taxes assessed before suit can be brought in the Claims Court. *See Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993). The taxpayer must also timely file a tax refund claim with the IRS. *See* 26 U.S.C. § 7422(a). On this record, we see no error in the Claims Court's findings that Mr. Schroeder did not pre-pay his back taxes or file any refund claims. Suppl. App. at 3. Therefore, the Claims Court lacks tax refund jurisdiction over his suit.

To the extent that Mr. Schroeder raised a wrongful levy claim, the Claims Court correctly found that it lacks jurisdiction to hear the claim. Aggrieved parties may sue the government for a wrongful levy, failure to release a tax lien, or other improper tax collection actions; however, these claims may be brought only in a federal district court, not the Claims Court. *See* 26 U.S.C. §§ 7426(a), 7432(a), 7433(a); *Ledford v. United States,* 297 F.3d 1378, 1382 (Fed. Cir. 2002).

Additionally, we see no error in the Claims Court's finding that it lacks jurisdiction over Mr. Schroeder's claim that the IRS "knowingly and maliciously" collected and retained his assets. Suppl. App. at 4, 8. A conversion claim sounds in tort. Thus, in accordance with the Tucker Act, the Claims Court lacks jurisdiction over this kind of claim. § 1491(a) (The Claims Court "shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."). Further, Mr. Schroeder's claim alleging that the government violated the Fourth Amendment by confiscating "property for an alleged tax debt," Reply Br. at 2, is also outside the jurisdiction of the Claims Court—the Fourth Amendment does not mandate the payment of money for its violation. *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over . . . such a violation.").

The Claims Court also lacks jurisdiction to hear Mr. Schroeder's claims under the Just Compensation and Due Process clauses of the Fifth Amendment. *See* U.S. CONST. amend. V. Regarding his due process claim, "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith*, 709 F.3d at 1116. As to the takings claim,[3] we do not see error in the Claims Court's finding that the lawful exercise of the government's tax collection powers is not a taking. *See Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339 (Fed. Cir. 2001). Furthermore, we agree with the Claims Court's finding that Mr. Schroeder did not concede the validity of the

---

[3]    Takings claims are money-mandating causes of action under the Tucker Act. *See Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

relevant IRS actions, as he referred to the agency's collection and retention of assets as "wrongful" and "knowing[] and malicious[]." Suppl. App. at 8. To bring a takings claim under the Tucker Act, a "claimant must concede the validity of the government action which is the basis of the . . . claim." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993). Absent this concession, as per the discussion above, Mr. Schroeder's claim sounds only in tort. Accordingly, Mr. Schroeder's allegations provide no substantial basis for a takings claim. *See Shapiro v. McManus*, 136 S. Ct. 450, 455–56 (2015) (discussing standards from *Bell v. Hood*, 327 U.S. 678 (1946), regarding insubstantiality and frivolousness in pleadings that transform the failure to state a claim into a lack of jurisdiction); *see also Jan's Helicopter*, 525 F.3d at 1309 (To assert a takings claim, a plaintiff must make "a nonfrivolous allegation that [he falls] within the class of plaintiffs entitled to recover under" the Fifth Amendment.).

## CONCLUSION

Because Mr. Schroeder identifies no other basis for the Claims Court to exercise jurisdiction over his claim, the Claims Court's dismissal of his complaint is affirmed.

## **AFFIRMED**

### COSTS

No costs.